UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:18cv62325

GRIFFIN LEE,
individually and on behalf of all
others similarly situated,

    Plaintiff,

v.

F.H. CANN & ASSOCIATES, Inc.,

    Defendants.

_____/

## CLASS ACTION COMPLAINT SEEKING
## INJUNCTIVE RELIEF AND STATUTORY DAMAGES

On behalf of the putative class Plaintiff GRIFFIN LEE ("Plaintiff"), alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"). In short, Defendant F.H. CANN & ASSOCIATES, Inc. ("FHC") has dispatched thousands of consumer debt collection letters to Florida consumers without first obtaining a license[1] to collect *consumer* debts in the State of Florida as mandated by § 559.553 of the Florida Consumer Collection Practices Act ("FCCPA").

1. On March 30, 2010, the Eleventh Circuit unequivocally pronounced that the failure to register oneself in the State of Florida as a "Consumer Collection Agency" constitutes a valid basis for an alleged violation of the FDCPA.  LeBlanc v. Unifund CCR Partners, 601 F.3d 1185 (11th Cir. March 30, 2010) ("We therefore hold that a violation of the FCCPA for failure to register

---

[1] The FCCPA utilizes the word *register* and/or *registration*. The term *license and/*or *licensure* utilized throughout this entire filing is intended to convey the same meaning as the FCCPA's use of the term *register* and/or *registration* in Fla. Stat.  § 559.553.

1

may, in fact, support a federal cause of action under Section 1692e(5) of the FDCPA for threatening to take an action it could not legally taken.").

2. Plaintiff maintains that FHC's actions are both illegal and unconscionable. *See* Fla. Stat. § 559.785 (stating that it is a criminal misdemeanor for "any person not exempt from registering to engage in collecting consumer debts in this state without first registering.").

3. With respect to the "Congressional findings and declaration of purpose" portion of the FDCPA, The United States Congress has declared:

> (a) *Abusive practices*
>
> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
>
> (b) *Inadequacy of laws*
>
> Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

15 U.S.C. § 1692.

## JURISDICTION AND VENUE

4. This Court has jurisdiction for all counts under 28 U.S.C. §§ 1331, 1337, 1367 and 15 U.S.C. § 1692k.

5. Venue in this District is proper because Plaintiff resides here and Defendant does business in this District.

## PARTIES

6. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

7. FHC is a Massachusetts corporation, with its principal place of business located in

North Anover, Massachusetts.

8. FHC engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

9. At all times material, FHC has been a corporation subject to the FCCPA. *See*, *e.g.,* Cook v. Blazer Fin. Services, Inc., 332 So. 2d 677, 679 (Fla. 1st Dist. App. 1976) (citing Fla. Stat. §1.01(3)).

## FACTUAL ALLEGATIONS

10. The debt at issue (the "Consumer Debt") is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes.

11. The Consumer Debt is a "debt" governed by the FDCPA and FCCPA. *See* 15 U.S.C §1692a (5); Fla. Stat. §559.55(6).

12. Plaintiff is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C §1692a(3).

13. FHC is a "debt collector" as defined by the FDCPA and FCCPA. *See* 15 U.S.C §1692a (6); Fla. Stat. §559.55(7).

14. On a date better known by FHC, it began attempting collect the Consumer Debt from Plaintiff.

15. On or about June 28, 2018, FHC sent a collection letter to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

16. The Collection Letter constitutes "collection activity" within the meaning of §559.715 of the FCCPA.

17. At no time has FHC had the legal authority to collect, neither directly nor indirectly,

any consumer debt in the State of Florida.

18. FHC's collection activities against Plaintiff constituted a criminal misdemeanor under Florida law. *See*, Fla. Stat. § 559.785.

19. Florida law specifically and unequivocally states: *[a]fter January 1, 1994, no person shall engage in business in this state as a consumer collection agency or continue to do business in this state as a consumer collection agency without first registering in accordance with this part, and thereafter maintaining a valid registration.* Fla. Stat. § 559.553(1).

20. The FCCPA defines "consumer collection agency" as "any debt collector or business entity engaged in the business of soliciting consumer debts for collection or of collecting consumer debts, which debt collector or business is not expressly exempted as set forth in s. 559.553(4)." Fla. Stat. § 559.55(7).

21. FHC is a "consumer collection agency" as defined by the FCCPA because it is a debt collector and collects consumer debts through the mail from Florida consumers.

22. The FCCPA regulates debt collectors "who use [] any instrumentality of commerce within this state, whether initiated from within or outside this state, in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Fla. Stat. 559.55(6); *see also,* Collins v. Erin Capital Management, LLC, 290 F.R.D. 689, 701 (S.D. Fla. Mar 21, 2013) (order certifying FDCPA class action consisting of "(i) all persons (ii) whom were the subject of collection activity from Erin Capital (iii) in an attempt to collect a debt incurred for personal, family, or household purposes (iv) who incurred actual damages in the form of direct, indirect, voluntary, or involuntary payment arising from or attributable to Erin Capital's collection efforts (v) during the one year period prior to the filing of the original writ of garnishment in this action

through the date of certification." (emphasis added)).

23. Pursuant to Fla. Stat. 559.553(1) and 559.55(7), FHC was required to be licensed as a consumer collection agency by the State of Florida.

24. Since the Eleventh Circuit's holding in LeBlanc, at least two Judges in the Southern District of Florida have ruled that collection activity by an unlicensed debt collector violates the FDCPA. *See* Balthazor v. Security Credit Services, LLC, 2012 WL 171097, *3 (S.D. Fla., Jan. 20, 2012) (Cohn, J.); Collins v. Erin Capital Management, LLC, Case No. 1:12-cv-22839-CMA (S.D. Fla. 2013) (Altonaga, J.) (Order dated Oct. 28, 2013).

25. Based upon an online license search last conducted on September 28, 2018 at the website maintained by the Florida Office of Financial Regulation, FHC has never been licensed to collect *consumer* debts in the State of Florida.[2]

26. Plaintiff maintains that FHC's unlicensed collection activity is unlawful; Plaintiff has filed the instant lawsuit alleging that any and all of FHC's debt collection activities taken against the Plaintiffs and members of the class were in direct violation of the FDCPA and/or Florida law.

27. Defendant FHC knew or should have known that it was not licensed as a Consumer Collection Agency, yet Defendant never disclosed to any consumer that it was in fact a crime for FHC to directly or indirectly collect upon the Consumer Debt.

28. The FDCPA has been construed by Federal Courts as a strict liability statute that is to be construed liberally so as to effectuate its remedial purpose. Russell v. Equifax A.R.S., 74 F.3d 30, 33 (2d Cir. 1996).

---

[2] Several variations of "F.H Cann & Associates" was searched. Plaintiff notes that Defendant is licensed to collect *commercial* debts under a separate part of the Florida Statutes.

5

29.   Any potential *bona fide* error defense which relies upon FHC' mistaken interpretation of the legal duties imposed upon them by the FDCPA would fail as a matter of law. Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A., 130 S.Ct. 1605, 176 L. Ed. 2d 519 (2010).

## CLASS ACTION ALLEGATIONS

30.   This action is brought on behalf of the following class:

The Unlicensed Debt Collection Class:

> (i) all persons in the State of Florida (ii) who were sent a letter (iii) between June 28, 2017 and June 28, 2018 (iv) from Defendant (v) in an attempt to collect a debt incurred for personal, family, or household purposes, (vi) while Defendant was not licensed to collect debt in Florida.

31.   Plaintiff alleges on information and belief that the class is so numerous that joinder of all members is impracticable because Defendant have dispatched thousands of identical dunning letters to members of the class attempting to collect consumer debts.

A.   *EXISTENCE AND PREDOMINANCE OF COMMON QUESTIONS OF LAW & FACT*

32.   Common questions of law and fact exist to the class and predominate over any issues involving only individual class members.

33.   With respect to the Unlicensed Debt Collection Class:

   (a)   The *factual issues common* to the class is whether members received a collection letter from Defendant, in an attempt to collect a consumer debt, within the class period; and

   (b)   The *principal legal issue* of the Class is whether Defendant violated the FDCPA when it attempted to collect debts from members of the class without first obtaining a debt collection license.

34. Excluded from the class are Defendant's agents and employees, Plaintiff's attorneys and their employees, the Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

B.  *TYPICALITY*

35. Plaintiff's claims are typical of the claims of each class member and are based on the same facts and legal theories.

C.  *ADEQUACY*

36. Plaintiff is an adequate representative for the Class.

37. Plaintiff will fairly and adequately protect the interests of the Class.

38. Plaintiff has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and consumer-based class actions. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them to not vigorously pursue this action.

D.  *PREDOMINANCE AND SUPERIORITY*

39. Certification of the classes under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

   (a) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

   (b) A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Certification of a classes under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate, in that, Defendant have acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole. Plaintiff requests certification of a hybrid class under Rule 23(b)(3) for monetary damages and to Rule 23(b)(2) for injunctive and equitable relief.

## COUNT I.
## <u>VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e *et seq*.</u>

40. Plaintiff incorporates the preceding Factual Allegations.

41. Under Count I, FHC is liable to Plaintiff for its attempt to collect debts while unlicensed.

42. FHC's failure to obtain a consumer debt collection license as mandated by Florida Statutes § 559.553, while actively engaging in debt collection in the State of Florida, violated 15 U.S.C § 1692e and e(10) because attempting to collect a debt while not licensed as required by Florida law is a false, deceptive, and misleading practice.

43. FHC's failure to obtain a consumer debt collection license as mandated by Florida Statutes § 559.553, while actively engaging in debt collection in the State of Florida, violated 15 U.S.C § 1692e(2)(A) because attempting to collect a debt and/or actually collecting a debt while not licensed as required by Florida law constitutes a false representation of the character and legal status of the debt.

44. FHC's failure to obtain a consumer debt collection license as mandated by Florida Statutes § 559.553, while actively engaging in debt collection in the State of Florida, violated 15 U.S.C § 1692e(5) because attempting to collect a debt and/or actually collecting a debt while not licensed as required by Florida law and claiming that it may collect money from a consumer is a threat to take action that cannot legally be taken. Moreover, actually collecting a debt while not licensed is also in violation of 15 U.S.C § 1692e(5).

WHEREFORE, Plaintiff, individually and on behalf of the Unlicensed Debt Collection Class, request that the Court enter an order certifying the described Class and judgment in favor of Plaintiff and Class and against Defendant for:

(1) Statutory damages, as provided under 15 U.S.C. § 1692k(a)(2)(B);

(2)     Attorney's fees, litigation expenses and costs of the instant suit, as provided under 15 U.S.C. § 1692k(a)(3); and such other or further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

45.     Plaintiff respectfully demands a trial by jury on all issues so triable.

DATED: September 29, 2018

                                            Respectfully Submitted,

                                            /s/ Jibrael S. Hindi                                  .
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:     jibrael@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:     954-907-1136
Fax:       855-529-9540